PER CURIAM.
The appellant, Michael Wimberly a/k/a Tyrone Williamson, challenges a final order revoking his probation and sentencing him to thirty months in prison.
On October 20, 1986, the appellant was charged with having committed the offenses of attempted murder in the first degree, aggravated assault, and resisting an officer without violence. After a plea of no contest, the attempted murder charge was dismissed and the appellant was adjudged guilty of the remaining charges. The court sentenced him to time served for resisting arrest without violence and placed him on three years’ probation for the aggravated assault charge.
On May 20, 1987, the appellant was charged by an amended affidavit with having violated his probation. He allegedly cashed stolen and forged checks on four separate occasions, stole and sold a car, escaped while under arrest, and failed to report to probation authorities as instructed by the court. At the probation hearing, the state did not present any evidence on the stolen car and escape charges, nor could they prove two of the forged check charges. Consequently, the court dismissed these charges against the appellant. The court did find, however, that the appellant had forged the other two checks, and that he had failed to report to the probation officer. Based on these violations of probation, the court revoked the appellant’s probation and sentenced him to thirty months in prison.
The appellant raises two issues on appeal. First, he argues that the trial court erred in revoking his probation because the state failed to present sufficient evidence of the alleged violations. While he is correct in respect to the failure to report charge, the evidence sustains the revocation based on the two forged check charges.
In his second point, the appellant contends that the written order revoking his probation recites several violations of probation which were dismissed by the trial judge at the revocation hearing. The state concedes this point and agrees that it is necessary to remand this cause for correction of the written order. Revear v. State, 497 So.2d 1337 (Fla. 2d DCA 1986).
Accordingly, we affirm the trial court’s order revoking the appellant’s probation but we remand with instructions to correct the order of revocation of probation to delete the ground of failure to report to a probation officer and also those grounds previously dismissed by the trial judge.
DANAHY, C.J., and SCHEB and SCHOONOVER, JJ., concur.